Coös,
June 30, 1917.

### Charles C. King & a. v. Ernest P. Brown & a.

Equity will not reform an instrument, if the error does not affect the rights of the parties thereto.

A misnomer of the attachment-plaintiff in a bond to a sheriff, given pursuant to P. S., c. 220, s. 26 for the restoration of attached property, is an immaterial error, and upon condition broken the sheriff is entitled to judgment.

Bill in Equity, alleging that upon a writ in favor of Charles C. King against Thomas Karney a yoke of oxen was attached as the property of Karney; the defendants, Brown Brothers, gave bond to the plaintiff, Davis, sheriff of the county, and took possession of the oxen claiming them by virtue of a mortgage to them by the firm of Karney & Lloyd; and sold them at auction; that subsequently judgment and execution was obtained against Karney in the suit, *King* v. *Karney*, and the same is now unpaid; that in drafting the bond the writ upon which the attachment was made was by mistake

described as sued out by King Brothers instead of by Charles C.
King. The prayer of the bill is for a reformation of the bond by
substituting the name of the actual plaintiff, Charles C. King,
for King Brothers, and for judgment against the defendants for
the amount of the execution, which was less than the penalty of
the bond. The condition of the bond was as follows: "Whereas
one pair of oxen and one horse which were attached by Henry
Cotton, a deputy sheriff for said County of Grafton, on the first
day of February, 1909, upon a writ in favor of King Brothers, of
Whitefield, in the County of Coös and State of New Hampshire,
against Thomas Karney, as the property of said Thomas Karney,
have been restored to the said Brown Brothers, who claim said
property by virtue of a default of the condition of certain mortgages
upon the said property given by the said Karney and one William
R. Lloyd to the said Brown Brothers and one Sherb. Lang of Lyndon
in said County of Caledonia at their request. Now, if the said
Brown Brothers shall well and truly pay to the said sheriff the sum
of three hundred dollars, being the appraised value of said goods
and chattels, or so much thereof as may be necessary to pay and
satisfy any execution for the payment of which the said property
or its proceeds is or may be by law holden, this obligation shall be
void." The case was heard by a master who found that Brown
Brothers claimed the oxen by virtue of a blanket mortgage cover-
ing all the property of Karney and Lloyd then in or about their
camps, but that the oxen in question were owned by Thomas
Karney and not by the partnership of Karney & Lloyd and that
their value was $110. The facts as to the attachment and giving
of the bond are found as alleged in the bill with the additional
finding that Brown Brothers, though in no way misled by the plain-
tiffs, honestly believed that the suit in question had been brought
by King Brothers and that they would not have executed the bond
had they supposed Charles C. King was individually plaintiff in
the suit. The master found the plaintiffs not entitled to a reforma-
tion of the bond, and the court, subject to exception, ruled that there
should be a decree for the defendants and ordered the bill dismissed.
Transferred from the December term, 1916, of the superior court
by *Chamberlin,* J.

*Edgar M. Bowker* (by brief and orally), for the plaintiffs.

*Simonds, Searles & Graves* (of Vermont) and *Goss & James* (*Mr.
James* orally), for the defendants.

PARSONS, C. J.   Upon the facts establishing the validity of the sheriff's title and that the defendants, Brown Brothers, have the property or its proceeds, the bond might be disregarded and judgment rendered against these defendants in trover or assumpsit, by amendment, for all the plaintiff claims.   But it seems to be considered of importance that judgment should also run against the surety upon the bond.

Counsel for the plaintiffs appear to have assumed that the true construction of the bond merely required the payment of any execution issued in a suit in favor of King Brothers against Thomas Karney and that as no execution has issued in favor of King Brothers, there had been no breach of the condition of the bond. Hence, this bill has been brought for the correction of the written evidence of the contract relied upon.   But equity does not interfere to correct an immaterial error, which does not affect the rights of the parties.   Hence, the first question is whether the error in describing the plaintiffs in the suit in which the attachment was made prevents a recovery upon the bond.   The error is an immaterial one.   The parties adopted the procedure authorized for the restoration to the debtor of personal property held under attachment, P. S., *c.* 220, *s.* 26.   Property so restored is still attachable upon subsequent writs as though it remained in the sheriff's possession.   For that purpose it is deemed still in the custody of the officer.   P. S., *c.* 220, *s.* 27,—hence the provision of the bond to pay to the sheriff the appraised value of the property or so much thereof as may be necessary to pay and satisfy any execution for the payment of which said property or its proceeds is or may be by law holden.   The material question is, whether the goods for which the defendants gave bond are holden for the payment of a particular execution.   The suit in which the original attachment is made is immaterial.   The recital in this case by way of inducement sets out the claims of the parties.   The Browns claimed the right of possession.   Whether upon trial they proved such right by a prior mortgage from Thomas Karney or established the title in Karney and Lloyd from whom they had a mortgage would be of no importance. It is equally immaterial to the sheriff's claim to hold the property under attachment against Thomas Karney in whose favor the writ of attachment was issued, now that the title of Brown Brothers has failed.   The facts entitling the plaintiff sheriff to recover upon the bond have been found and there should be judgment for him for the amount of the execution with interest.

All concurred.                 *Exception sustained: judgment for plaintiff.*